HOWARD v BOUWMAN
HOWARD v ALLEGAN COUNTY CLERK

Docket Nos. 226850, 228067. Submitted March 6, 2002, at Grand Rapids.
Decided April 30, 2002, at 9:20 A.M.

Benjamin Howard, Jr., and Katheryn Howard submitted a complaint
to the Allegan County Clerk for filing in the Allegan Circuit Court,
alleging negligence by Dale K. Bouwman and Interurban Bus Ser-
vice in an automobile accident that occurred in Allegan County.
The complaint was rejected by the Allegan County Clerk on the
basis that it lacked the case classification code required by court
rules. The Howards, who live in Marquette County, filed the same
complaint in the Marquette Circuit Court on the last day of the limi-
tation period to avoid the action's being barred by the statute of
limitations. The parties stipulated a change of venue to the Allegan
Circuit Court, Harry A. Beach, J., which dismissed the action on the
basis of the plaintiffs' failure to pay the costs of the change in
venue. In a separate action in the Allegan Circuit Court against the
Allegan County Clerk, in which the same judge allowed Bouwman
and Interurban to intervene, the plaintiffs sought an order of man-
damus directing the clerk to treat the plaintiffs' original complaint
as having been filed on the date the clerk received it. The plaintiffs
argued that under the court rules in effect when the clerk received
the plaintiffs' original complaint, the clerk could not refuse to
accept the complaint for filing for lack of a case classification
code. The court denied a motion by the plaintiffs for summary dis-
position and instead granted summary disposition for the clerk pur-
suant to MCR 2.116(I)(2). The plaintiffs appealed by leave granted
in the action involving the costs of the change of venue (Docket
No. 226850) and as of right in the action seeking an order of man-
damus (Docket No. 228067). The appeals were consolidated.

The Court of Appeals *held*:

1. The trial court erred in refusing to order the reinstatement of
the plaintiffs' original complaint against the defendants in the auto-
mobile negligence action as of the date the clerk received the com-
plaint. At the time the clerk received the complaint, the clerk had a
ministerial duty to accept the complaint for filing even if it lacked a
case classification code. In contrast to the presently effective provi-

sions of MCR 8.119(C) stating that a clerk of the court may reject papers that do not conform with court rule requirements (including the case classification code requirement), MCR 8.105(B) at the time the plaintiffs submitted their original complaint to the defendant clerk provided that "[t]he clerk shall endorse on every paper the date on which it is filed." Thus, the acceptance of every paper for filing was then mandatory.

2. The issue concerning the dismissal of the plaintiffs' action for their failure to pay the costs of the change of venue need not be addressed in light of the reversal of the trial court's order denying the reinstatement of the plaintiffs' original complaint.

Reversed and remanded for reinstatement of the plaintiffs' complaint as of the date it was received by the defendant clerk.

*Richard M. Graybill*, for Benjamin Howard, Jr., and Katheryn Howard.

*York & Tiderington* (by *Michael J. Miller* and *Julie M. Jensen*), for Dale K. Bouwman and Interurban Bus Service.

Before: METER P.J., and MARKEY and OWENS, JJ.

PER CURIAM. In these consolidated appeals, plaintiffs appeal by delayed leave granted in Docket No. 226850 the trial court's order dismissing their complaint for failing to comply with MCR 2.223(B)(2), the rule that requires plaintiffs to pay the costs and expenses for a change of venue. In Docket No. 228067, plaintiffs appeal by right the trial court's order granting defendant Allegan County Clerk summary disposition pursuant to MCR 2.116(I)(2) and denying plaintiffs' summary disposition motion. We reverse the trial court's order granting defendant clerk's summary disposition motion and denying plaintiffs' summary disposition motion.

I. FACTS AND PROCEDURAL HISTORY

A. DOCKET NO. 226850

In this case, plaintiffs allege that plaintiff Benjamin Howard, Jr.,[1] was injured after a bus defendant Dale K. Bouwman was driving struck the vehicle that Howard[2] was driving after Bouwman failed to stop at a stop sign in Saugatuck. At the time of the accident, defendant Interurban Bus Service owned the bus that Bouwman was driving. Plaintiffs allege that they did not realize that Howard had suffered permanent injuries until almost three years after the accident when the three-year statute of limitations had almost expired. By that point, plaintiffs had moved to the upper peninsula, where they retained an attorney who mailed a personal injury complaint against defendants with fees to the Allegan Circuit Court about six days before the limitation period would expire.

Defendant clerk received the complaint on March 4, 1999, before the period of limitation expired; however, the complaint apparently did not designate a "case code," i.e., the letters required by MCR 2.113(C)(1)(d) and MCR 8.117(B)(3)(a) to designate the type of case being filed.[3] Defendant clerk returned plaintiffs' complaint, stating that the reason for the return was the absence of a case code. Plaintiffs' attorney received the returned pleadings in his office

---

[1] Although plaintiff Benjamin Howard, Jr., is consistently referred to as "Benjamin M. Howard, Jr." in lower court Docket No. 99-024470-NI and as "Benjamin M. Howard" in Docket No. 00-026367-AW, he is the same party.

[2] "Howard" refers to plaintiff Benjamin Howard, Jr., only.

[3] We note that these court rules have been amended since March of 1999 when plaintiffs submitted their complaint. Unless specifically indicated otherwise, we will refer to the court rule versions that were in effect at that time.

on the last day of the limitation period. However, because the attorney was more than four hundred miles from Allegan County, the attorney filed essentially the same complaint in Marquette County in order to protect the case from the expiration of the limitation period. The fees were paid again, and this filing was made within the limitation period.

After being served, defendants indicated that venue was improper in Marquette County. Plaintiffs' attorney agreed, and the parties stipulated that venue should be transferred from Marquette County to Allegan County. Thereafter, an order was entered to that effect and directed plaintiffs to pay "any and all fees associated with [the] transfer pursuant to MCR 2.223." However, the order did not explicitly state the exact amount of the fees to be paid. The case was subsequently transferred from Marquette County to Allegan County on April 5, 1999. On June 8, 1999, the trial court in Allegan County sua sponte entered an order dismissing plaintiffs' complaint pursuant to MCR 2.223(B)(2) because of a failure to pay "entry fees" after venue was transferred to Allegan County. Plaintiffs contend that the reason they never paid the fees required under MCR 2.223(B)(2) was because the order did not identify the specific amount to be paid.

Plaintiffs moved to set aside the dismissal, arguing that plaintiffs' counsel thought that the filing fees that plaintiffs paid to file the lawsuit in the Marquette Circuit Court would transfer with the change of venue. At the motion hearing on this matter, plaintiffs argued that because they originally attempted to timely file their complaint in the Allegan Circuit Court, paying all the necessary fees only to find that the Allegan County Clerk's Office refused to file the complaint for

lack of a proper caption, the trial court should set aside its order of dismissal and rule that the case was properly filed with the court on March 4, 1999, pursuant to MCR 2.113. Defendants argued, and the trial court agreed, that under the clear language of MCR 2.223, the trial court had no discretion but to dismiss the lawsuit because the fees necessary to change venue had not been paid within fifty-six days of the order changing venue.

Plaintiffs thereafter moved for reconsideration, requesting that the court determine that the complaint was properly filed nunc pro tunc in the Allegan Circuit Court on March 4, 1999, because the failure to comply with MCR 2.113(C)(1)(d) by not including the case type code was an administrative defect that did not affect the legal sufficiency of the complaint. The trial court denied plaintiffs' motion for reconsideration. Plaintiffs filed a claim of appeal, which this Court found to be untimely pursuant to MCR 7.204(A)(1)(b) and *Allied Electric Supply Co, Inc v Tenaglia*, 461 Mich 285; 602 NW2d 572 (1999). However, this Court granted plaintiffs' delayed application for leave to appeal thereafter.

### B. DOCKET NO. 228067

On February 14, 2000, plaintiffs filed a complaint against defendant clerk, alleging negligence for defendant clerk's failure to comply with her ministerial duty to file plaintiffs' complaint against defendant Bouwman and Interurban that defendant clerk received on March 4, 1999. Plaintiffs alleged that under MCL 600.571 and MCR 8.105(B), defendant clerk had a ministerial duty to file complaints, and she breached that duty when she refused to file plain-

tiffs' complaint. Plaintiffs stated that defendant clerk's failure to file plaintiffs' complaint deprived plaintiffs of a forum for litigation of their automobile negligence dispute. Plaintiffs requested that the trial court exercise its power to issue a writ of mandamus and direct defendant clerk to file the complaint and assign it a filing date of March 4, 1999, the date defendant clerk received and rejected their complaint.

Plaintiffs thereafter moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), arguing that under MCR 8.105, defendant clerk must accept, endorse, and file "every paper" submitted for filing. According to plaintiffs, a pleading should be deemed filed when it is handed to an employee in the clerk's office with authority to receive documents to be filed. Thus, plaintiffs argued that the trial court should issue a writ of mandamus directing defendant clerk to file the complaint and further directing defendant clerk, through a nunc pro tunc order, to assign the complaint a filing date of March 4, 1999.

Thereafter, all parties stipulated to allow Bouwman and Interurban to intervene under MCR 2.209, and the trial court entered an order permitting their intervention in this lawsuit. In response to the plaintiffs' motion for summary disposition, defendant clerk argued that because MCR 2.113(C)(1)(d) and MCR 8.117 imposed on a plaintiff the obligation to provide the suffix number in the caption of a complaint defendant clerk's conduct of returning the pleading without filing it was appropriate. The trial court concluded that because defendant clerk had no clear responsibility to file a nonconforming pleading, it would grant summary disposition in defendant clerk's favor pursuant to MCR 2.116(I)(2). Plaintiffs now appeal the trial

court's order granting defendant clerk's motion for summary disposition.

## II. ANALYSIS

Plaintiffs argue that the trial court erred in refusing to issue an order reinstating plaintiffs' March 1999 complaint that the defendant clerk received before the expiration of the limitation period because the court erroneously concluded that defendant clerk had the authority to reject a complaint missing the case-type code.[4] This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). In addition, interpretation of court rules is subject to review de novo on appeal. *St George Greek Orthodox Church of Southgate, Mich v Laupmanis Associates, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994).

We conclude that the trial court erred in declining to reinstate plaintiffs' complaint as of the date in March 1999 on which it was filed. As MCR 8.117 and MCR 2.113(C)(1)(d) make clear, a plaintiff must assign a case-type code and include the code in the caption of the complaint. While plaintiffs do not dispute this requirement, they argue that the trial court erred in concluding that a court clerk does not have a "ministerial duty" to file even those complaints that lack such a case-type code. In support of this proposition, plaintiffs, who attempted to file their complaint by mailing it to defendant clerk on March 2, 1999, cite

---

[4] Contrary to defendants' argument, plaintiffs did raise this issue below.

the version of MCR 8.105(B) that was in effect at that time. Before November 30, 1999, that rule provided:

> *(B) Filing of Papers. The clerk shall endorse on every paper the date on which it is filed.* The clerk shall keep a file folder for each action, bearing the civil action number assigned to it, in which the clerk shall keep all pleadings, process, orders, and judgments filed in the action. The clerk may not permit any record or paper on file in the clerk's office to be taken from it without the order of the court. [MCR 8.105(B) (emphasis added).]

Effective November 30, 1999, the Michigan Supreme Court amended MCR 8.105 and adopted a new rule, MCR 8.119(C), which provides:

> *(C) Filing of Papers.* The clerk of the court shall endorse on the first page of every document the date on which it is filed. Papers filed with the clerk of the court must comply with Michigan Court Rules and Michigan Supreme Court records standards. *The clerk of the court may reject papers which do not conform to MCR 2.113(C)(1) and MCR 5.113(A)(1).* [Emphasis added.]

Thus, according to plaintiffs, before the amendment of the court rules on November 30, 1999, defendant clerk had a "ministerial duty" to accept and file even a complaint without a case-type code.

To support their assertion that the filing of papers constitutes a ministerial duty, plaintiffs cite *Cahill v Fifteenth Dist Judge*, 70 Mich App 1; 245 NW2d 381 (1976). In *Cahill, supra* at 2, the court clerk refused to allow the plaintiff to post cash bail when the plaintiff appeared in the district court to contest a routine traffic ticket. Instead of accepting the $35 cash bond, the clerk informed the plaintiff that he had to first personally appear before the district judge. *Id.*

Because the court had set the amount of bail, this Court ruled that, under such circumstances, the clerk had a ministerial duty to apply the bond schedule. *Id.* at 3-4.

However, because *Cahill* does not establish a rule that court clerks always have a ministerial duty to accept and file papers that are not submitted in the proper format, *Cahill* is not particularly useful. Furthermore, although plaintiffs also cite a number of cases from other jurisdictions where courts have held that court clerks have a ministerial duty to file complaints the clerks perceive to be defective, how strictly other jurisdictions choose to enforce their own court rules is of minimal instructive value.

Nevertheless, a review of the relevant court rules both before and after the November 30, 1999, amendment supports plaintiffs' argument that, on March 4, 1999, the county clerk had an obligation to accept plaintiffs' nonconforming complaint. "The county clerk is an independently elected county official whose duties are prescribed by the Michigan Constitution, statutes, and court rules." *In re Lapeer Co Clerk*, 242 Mich App 497, 517; 619 NW2d 45 (2000), rev'd on other grounds sub nom *Lapeer Co Clerk v Lapeer Circuit Judges*, 465 Mich 559; 640 NW2d 567 (2002). Moreover, the "duties of the county clerk as the clerk of the court are set forth in both the statutes and court rules." *Id.*

Before November 30, 1999, no court rule or statute gave the county clerk the discretion to reject pleadings that failed to conform to the caption requirements listed in MCR 2.113(C)(1). On the contrary, the language of the 1999 version of MCR 8.105(B) in effect at the time plaintiffs' complaint was filed states

in plain terms that "[t]he clerk shall endorse on every paper the date on which it is filed." As a general rule of statutory construction, the word "shall" is used to designate a mandatory provision. *Depyper v Safeco Ins Co of America*, 232 Mich App 433, 438; 591 NW2d 344 (1998). Rules of statutory construction also apply to court rules. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). Therefore, the pre-November 1999 version of MCR 8.105(B) made the filing of every paper mandatory.

In contrast to this mandatory language of the old court rule, MCR 8.119(C), the new rule our Supreme Court adopted effective November 30, 1999, provides that the court clerk "may reject" complaints with captions that do not conform with MCR 2.113(C)(1). The mandatory language of the old rule, and our Supreme Court's decision to create this new discretionary rule in MCR 8.119, indicates that before November 30, 1999, county clerks had an obligation to accept a complaint lacking the case-type code.

This conclusion is consistent with a previous decision by this Court involving an improper caption in a complaint. This Court has previously remarked that "[t]he question of caption of the case is not particularly important." *Stamp v Mill Street Inn*, 152 Mich App 290, 296; 393 NW2d 614 (1986). In *Stamp*, the court clerk accepted and filed a complaint with a caption that allegedly did not conform to MCR 2.113. The lower court subsequently dismissed the original complaint the plaintiff brought as personal representative of the decedent's estate under Michigan's dramshop act because the plaintiff, as personal representative, was not the proper party to bring a dramshop action. *Stamp, supra* at 292-293. Although the court initially

permitted the plaintiff to proceed as an individual and ordered that the plaintiff's first amended complaint relate back to the date of the plaintiff's original complaint, when the defendants moved for reconsideration, the court also dismissed the amended complaint as being time-barred. *Id.* at 293.

On appeal, one of the issues raised was whether the plaintiff's original complaint conformed to MCR 2.113. *Stamp, supra* at 295. According to the defendants, the plaintiff's original complaint did not contain a caption stating the names of the parties to the action as MCR 2.113 requires. *Stamp, supra* at 295. Reversing the trial court's decision to grant the defendants' motion for reconsideration dismissing the amended complaint, this Court found the caption of the original complaint not particularly important and quoted Justice SMITH's concurrence in *Sovereign v Sovereign*, 354 Mich 65, 71; 92 NW2d 585 (1958), where he said that "we are not bemused by the form of words use[d], by the caption as special or general. We look to the relief asked." *Stamp, supra* at 296.

Given this Court's previous suggestion that the form of a caption is not particularly significant, and given the change in the language of the court rules that once imposed a mandatory obligation to file and date every paper but which now gives a clerk discretion to reject complaints with improper captions, the trial court erred in concluding that defendant clerk did not have a clear legal responsibility to file the pleading. Moreover, given defendant clerk's obligation, the trial court erred in denying plaintiffs summary disposition and refusing to issue an order reinstating plaintiffs' complaint as of March 4, 1999.

### III. CONCLUSION

The trial court erred in refusing to issue an order reinstating plaintiffs' complaint as of March 4, 1999, because defendant clerk lacked the authority to reject plaintiffs' nonconforming complaint. In light of this conclusion, we need not address plaintiffs' issue whether the trial court erred in dismissing their lawsuit on the ground that plaintiffs failed to pay the costs and expenses of changing venue. We reverse the trial court's ruling granting defendant clerk summary disposition and denying plaintiffs' summary disposition motion. We remand to the trial court for entry of an order reinstating plaintiffs' complaint as of the date it was filed with defendant clerk in March of 1999. We do not retain jurisdiction.