*In re* CREDIT ACCEPTANCE CORPORATION

Docket No. 262404. Submitted December 5, 2006, at Detroit. Decided January 16, 2007, at 9:00 a.m. Leave to appeal denied, 477 Mich 1117.

Credit Acceptance Corporation filed an action in the Oakland Circuit Court, seeking an order of superintending control requiring the 46th District Court to issue writs of garnishment sought by the plaintiff without imposing procedural requirements beyond those specified in MCR 3.101(D). The requirements imposed by the 46th District Court included the submission of supporting documentation in addition to the verified statement the court rule requires. The circuit court, Denise Langford Morris, J., dismissed the complaint with prejudice after a show cause hearing, concluding that the 46th District Court had not exceeded, or acted in a manner inconsistent with, its jurisdiction. The plaintiff appealed.

The Court of Appeals *held*:

The 46th District Court was without authority to require judgment creditors seeking writs of garnishment to file documentation in addition to the verified statements required by MCR 3.101(D). The plain language of that rule indicates that it is a mandatory provision and contains all the requirements that a verified statement must satisfy. While a court had inherent powers to manage its own affairs in order to achieve the orderly and expeditious disposition of cases, it must exercise those powers subject to valid laws such as the court rule. Moreover, MCR 2.101 provides safeguards for judgment debtors.

Reversed and remanded.

GARNISHMENT — APPLICATIONS FOR WRITS OF GARNISHMENT — SUPERINTENDING CONTROL.

A court lacks the authority to require a judgment creditor seeking a writ of garnishment to file documentation in addition to the verified statement required by the garnishment court rule (MCR 3.101[D]).

*Katz & Katz, P.C.* (by *Jason M. Katz*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *T. Joseph Seward* and *Joseph Nimako*), for the defendant.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

BANDSTRA, J. Plaintiff Credit Acceptance Corporation appeals as of right the dismissal of its complaint for an order of superintending control over defendant 46th District Court. We conclude that MCR 3.101(D) does not allow a court to require that a judgment creditor provide information or documentation in addition to the verified statement required by that rule before the court issues a writ of garnishment. We reverse.

## FACTS AND PROCEEDINGS BELOW

Plaintiff's counsel filed numerous verified statements seeking writs of garnishment from defendant pursuant to MCR 3.101(D). Many of them were rejected. According to defendant's court administrator, the writs were denied for a variety of reasons: because the underlying judgment was voided, because the underlying judgment was satisfied, or because the statements appeared to include excessive interest. Plaintiff's counsel was instructed to refile and supply a statement of postjudgment interest, costs, and payments to substantiate the amounts set forth in the statements. Plaintiff's counsel reviewed each of the returned statements, corrected those that "stated incorrect judgment 'balances' as a result of computer/accounting errors," and refiled. Defendant again rejected the statements, in part because plaintiff did not include the supporting documentation that had been requested.

Plaintiff's counsel objected by letter to defendant's requirement that plaintiff submit supporting documentation, asserting that the requirement contravened the

plain language of MCR 3.101(D) and that defendant was engaging in *"ex parte* advocacy on behalf [of the garnishment] defendants . . . ."

In response, defendant's deputy court administrator explained by letter that

> [t]he efficient administration of justice depends on the accurate screening of cases. The Judges of the 46th District Court have directed Civil Division staff to screen filings that do not meet statutory or court rule requirements, contain clear errors or have procedural issues that should be brought to a judge's attention. The Judges' January 30, 2004 [interoffice] memo specifically directs staff to return documents that are unsigned; illegible; not filed within specific time frames; have incorrect filing/motion fees; contain improper filings; improper venue, have excessive or unusual costs or interest or contain insufficient information to calculate the time to enter an order or to record the proof of service, etc. . . .
>
> When a garnishment is returned because of excessive or unusual costs or interest, the standard practice has been to request a statement of post judgment interest and costs. The Court has requested statements from numerous attorneys who have immediately complied.
>
> *       *       *
>
> As you know, MCR 2.114(D) states that the signature of an attorney constitutes a certification that the document is well grounded in fact. The Court's position has been that it is reasonable to request documentation in these instances rather than pursue possible violations and sanctions. Our purpose has been to avoid any possible liability or embarrassment for you or other attorneys whose staff may make errors in calculations. Further, since records must be maintained to determine the balance due on the judgment, the Court feels the request is reasonable and in the best interests of the administration of justice.

Plaintiff filed this action seeking superintending control in the Oakland Circuit Court. In its complaint,

plaintiff objected to defendant's practice of imposing additional requirements, beyond those specified in MCR 3.101(D), for writs of garnishment. Plaintiff asserted that these requirements imposed a significant time and financial burden on plaintiff. Plaintiff contended that, by requiring it to prove the accuracy of the verified statements "simply to have the right to file them," the court was impermissibly acting as an advocate for garnishment defendants. Plaintiff asked the circuit court to enter an order of superintending control directing defendant to issue writs of garnishment without imposing procedural requirements in addition to those of MCR 3.101(D). Alternatively, plaintiff asked the court to issue an order requiring defendant to show cause why the requested order for superintending control should not be entered.

The trial court issued an order to show cause. Defendant answered the complaint and filed a response to the order to show cause, asking that the trial court dismiss plaintiff's complaint. Defendant asserted that it had not exceeded the bounds of its jurisdiction or violated any clear legal duty, reiterating the rationale provided in the earlier letter sent to plaintiff.

At the conclusion of the show cause hearing, the trial court dismissed plaintiff's complaint without prejudice. The court explained:

> The [c]ourt notes that it is obviously a difficult situation in administering a court of the size of 46th District Court and apparently there have been letters back and forth between the plaintiff and defendant concerning this issue, but in reviewing the petitioner's documents and comparing them with what's been submitted as a response, I'm simply not persuaded that it's a blanket attempt by the 46th District Court to exceed its jurisdiction or act in a manner which is inconsistent with its jurisdiction. Therefore, I note

that pursuant to MCR 3.302(E)(3), the [c]ourt believes it has no other option but to dismiss the complaint at this juncture.

Thereafter, plaintiff's motion for reconsideration and rehearing was denied, and this appeal ensued.

### ANALYSIS

Plaintiff's appeal challenges the defendant's actions as being contrary to the court rules. This issue was raised before and decided by the trial court. Therefore, it is properly preserved for appeal. *Fast Air, Inc v Knight,* 235 Mich App 541, 549; 599 NW2d 489 (1999). Interpretation of court rules is a matter that we review de novo. *Howard v Bouwman,* 251 Mich App 136, 142; 650 NW2d 114 (2002).

Superintending control is an extraordinary remedy generally limited to determining whether a lower court exceeded its jurisdiction, acted in a manner inconsistent with its jurisdiction, or failed to proceed according to law. *Dep't of Public Health v Rivergate Manor,* 452 Mich 495, 500; 550 NW2d 515 (1996); *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp,* 259 Mich App 315, 346-347; 675 NW2d 271 (2003). Superintending control is the proper method to challenge the general practices of an inferior court. *In re Lafayette Towers,* 200 Mich App 269, 272; 503 NW2d 740 (1993). For superintending control to lie, the plaintiff must establish that the defendant has failed to perform a clear legal duty and that plaintiff is otherwise without an adequate legal remedy. MCR 3.302(B); *In re Gosnell,* 234 Mich App 326, 341; 594 NW2d 90 (1999).

Plaintiff alleges that defendant failed to fulfill a legal duty established by, and acted in a manner inconsistent with, MCR 3.101(D), which provides:

The clerk of the court that entered the judgment shall issue a writ of garnishment if the plaintiff, or someone on the plaintiff's behalf, makes and files a statement verified in the manner provided in MCR 2.114(A)[1] stating:

(1) that a judgment has been entered against the defendant and remains unsatisfied;

(2) the amount of the judgment and the amount remaining unpaid;

(3) that the person signing the verified statement knows or has good reason to believe that

(a) a named person has control of property belonging to the defendant,

(b) a named person is indebted to the defendant, or

(c) a named person is obligated to make periodic payments to the defendant.

We construe this court rule using the same basic principles that govern statutory interpretation, interpreting it in accordance with the approved and ordinary usage of its language. *St George Greek Orthodox Church of Southgate v Laupmanis Assoc, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994).

---

[1] MCR 2.114(A) makes the other provisions of MCR 2.114 applicable to the verified statements plaintiffs filed in applications for writs of garnishment. MCR 2.114(B)(2) provides that, if a document is required to be verified, it may be verified by oath or affirmation of the party or of someone having knowledge of the facts stated, or by signing and dating a declaration that " 'the statements above are true to the best of my information, knowledge, and belief.' " The signature of a party or attorney constitutes certification that the party or attorney has read the document and that, "to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[,]" and is not interposed for any improper purpose. MCR 2.114 (D). MCR 2.114(E) provides the court with the authority to sanction a party for documents signed in violation of the requirements of MCR 2.114.

Like the court rule at issue in *Howard, supra* at 145, the court rule at issue here uses the word "shall," designating a mandatory provision. The *Howard* Court considered whether the clerk of a court was permitted to reject a plaintiff's complaint because the plaintiff failed to include a case-type code in the caption, as was then required by MCR 2.113(C)(1)(d).[2] The Court noted that a prior version of MCR 8.105(B) provided that " '[t]he clerk *shall* endorse on every paper the date on which it is filed.' " *Howard, supra* at 145 (emphasis added). The Court concluded that, given this mandatory language, the clerk lacked the discretion to reject pleadings, even if they failed to conform to the caption requirements of MCR 2.113(C)(1). *Id.* at 144-145.

In contrast to *Howard*, defendant here is not justifying its failure to follow the mandatory "shall" language of MCR 3.101(D) because plaintiff's applications for writs of garnishment somehow failed to comply with the court rules. Thus, the rule of *Howard*, that defendant must comply with the mandatory "shall" language, applies here *a fortiori*. MCR 3.101(D) itself contains all the requirements that a verified statement filed in applying for a writ must satisfy. Defendant makes no argument that the applications at issue here failed to comply with those requirements. The requirements having been satisfied by the verified statements, the court was without authority to require further documentation as a condition for issuing the writs.

---

[2] As noted in *Howard*, our Supreme Court adopted MCR 8.119(C) to specifically allow clerks to reject pleadings that fail to include the case-type code. Contrary to defendant's assertion here, however, MCR 8.119(C) does not give court clerks broad discretion to reject pleadings. Rather, it authorizes clerks to reject pleadings that fail to conform only to the caption requirements set forth in MCR 2.113(C)(1) and MCR 5.113(A)(1).

We recognize, as defendant argues, that a court has inherent powers to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Maldonado v Ford Motor Co,* 476 Mich 372, 376; 719 NW2d 809 (2006); *Brenner v Kolk,* 226 Mich App 149, 159; 573 NW2d 65 (1997). Further, a court has a " 'fundamental interest in protecting its own integrity and that of the judicial process.' " *Maldonado, supra* at 389, quoting *Cummings v Wayne Co,* 210 Mich App 249, 252; 533 NW2d 13 (1995). Nonetheless, exercise of these inherent powers must be "subject to or not in conflict with valid existing laws," in this case MCR 3.101(D). 20 Am Jur 2d, Courts, § 39, p 430.

Thus, defendant's reliance on *Schell v Baker Furniture Co,* 461 Mich 502; 607 NW2d 358 (2000), is misplaced. Our Supreme Court there approved the establishment by a chief judge of "settlement week conferences," during which an intense effort to resolve pending cases would be made. The Supreme Court noted that the court rules specifically allow judges to direct that both attorneys and parties attend conferences for the purposes of settlement and other matters that might aid in the disposition of actions. *Id.* at 510, citing MCR 2.401. Accordingly, *Schell* reasoned that the establishment of settlement weeks was within the powers of a chief judge "to employ creative and energetic means to improve the delivery of justice" under the rules. *Id.* at 513. Notably, the chief-judge rule, MCR 8.110(C)(3)(h), specifically requires "compliance by the court with all applicable court rules . . . ." *Id.* at 512. Nothing in *Schell* suggests that the inherent authority of courts to expeditiously manage their own affairs allows them to refuse to take an action mandated by the court rules or to impose requirements not included in those rules before doing so.

We recognize that defendant has an understandable interest in the rights of judgment debtors and in protecting them from writs of garnishment that are baseless or inflated. Nonetheless, the court rules do not allow the imposition of additional filing requirements on judgment creditors seeking writs of garnishment. Instead, the rules provide a procedure assuring that the defendant debtor is served with the writ of garnishment, MCR 3.101(E)(3)(a), so that the debtor may file objections, which are to be heard by the trial court, MCR 3.101(K). An additional safeguard is found in MCR 2.114, which provides sanctions against persons filing applications for writs of garnishment that are not based on properly verified statements.

Defendant may well be right in arguing that the procedures it employed are an efficient and fair way to provide additional protection to judgment debtors. The simple response, however, is that the mandatory language of MCR 3.101(D) does not allow those procedures. Defendant could more appropriately advance its argument by seeking some amendment of the rules by our Supreme Court.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.