# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* FEDERAL NATIONAL MORTGAGE
ASSOCIATION.

---

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, also known as FANNIE MAE,

UNPUBLISHED
June 16, 2015

Plaintiff/Counter-Defendant-
Appellee,

v

No. 320549
Wayne Circuit Court
LC No. 13-013367-AS

ROBERT JEROME WILKES,

Defendant/Counter-Plaintiff-
Appellant,

and

GWENDOLYN WILKES,

Defendant.

---

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant/Counter-Plaintiff Robert Jerome Wilkes (Wilkes)[1] appeals as of right an order denying his motion for a stay and granting summary disposition to Plaintiff/Counter-Defendant, Federal National Mortgage Association, also known as Fannie Mae (Fannie Mae), in this superintending control action involving a foreclosure on a home mortgage. We affirm.

Wilkes raises three issues on appeal, all of which regard the Wayne Circuit Court's exercise of superintending control over the 36th District Court. Preliminarily, we note that Wilkes waived appellate review of the issues he now presents by failing to properly or timely

---

[1] Because Gwendolyn Wilkes is not a party to this appeal, we refer to Robert as "Wilkes."

-1-

respond to Fannie Mae's complaint for superintending control. That is, instead of filing an answer to the complaint by November 12, 2013, as required under MCR 3.302(E)(2), Wilkes only filed objections to the court's exercise of superintending control on November 13, 2013. The circuit court considered the objections and ultimately overruled them, holding that they were untimely. On appeal, Wilkes offers no argument that the trial court erred in ruling that his objections were untimely. Thus, we conclude that Wilkes waived the issues presented. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008), quoting *Napier v Jacobs*, 429 Mich 222, 227; 414 NW2d 862 (1987). In any case, none of the arguments raised by Wilkes demonstrate that the circuit court abused its discretion by granting the petition for superintending control. See *The Cadle Co v City of Kentwood*, 285 Mich App 240, 246; 776 NW2d 145 (2009) (citation omitted).

To invoke a court's power of superintending control, a plaintiff generally must establish both the lack of an adequate legal remedy and the failure of the lower court to perform a clear legal duty. *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 134; 503 NW2d 885 (1993). Wilkes first argues that the circuit court did not consider whether the district court had failed to perform a clear legal duty. But the circuit court did conclude that the district court failed to perform a clear legal duty.

The district court was permitted to order adjournments of this summary proceeding, MCL 600.5732. However, the court rule governing such adjournments, MCR 4.201(J), provides: "When the defendant appears, the court may try the action, or, if good cause is shown, may adjourn trial up to 56 days." In explaining its decision to exercise superintending control over the district court, the circuit court stated that it appeared that the district court "was doing nothing, and that's why [the circuit court] was satisfied based upon the delay," further reasoning that a district court "should never take that long" in handling a summary proceeding. The circuit court's conclusion was consistent with the plain language of MCR 4.201(J). By adjourning this matter at least six times—even after the merits of the case had been decided by a higher court in a different action—the district court failed to perform its clear legal duty to conduct this summary proceeding in a timely manner as required under the law. And, we note, some of the adjournments were only necessary because the district court was unprepared to proceed. In a simple summary proceeding, where the merits of the case have already been adjudicated by a higher court, such delays cannot be rationally justified. Thus, the circuit court properly concluded that the district court had failed to perform a clear legal duty.

Wilkes next argues that the circuit court's exercise of superintending control was precluded by MCR 3.302(D) because an appeal was available to Fannie Mae. While MCR 3.302(D)(2) does provide that a complaint for superintending control must be dismissed if an appeal is available, in *Shaughnesy v Mich Tax Tribunal*, 420 Mich 246; 362 NW2d 219 (1984), our Supreme Court clarified that "the availability of an appeal is not an absolute bar . . . where an appeal would not be an *adequate* remedy." *Id.* at 252-253. In this case, the circuit court held that Fannie Mae showed that there was a strong likelihood of irreparable harm and immediate action was required for it to be afforded full relief. This holding is unchallenged by Wilkes.

Finally, Wilkes argues that the circuit court lacked the authority to enter a judgment of possession and order of eviction. However, a circuit court's power of superintending control is far broader than the power Wilkes describes. Although "[s]uperintending control is an

extraordinary remedy generally limited to determining whether a lower court exceeded its jurisdiction, acted in a manner inconsistent with its jurisdiction, or failed to proceed according to law," *In re Credit Acceptance Corp*, 273 Mich App 594, 598; 733 NW2d 65 (2007), superintending control has long been recognized by Michigan Courts as a plenary, flexible judicial power:

> The power of superintending control is an extraordinary power. It is hampered by no specific rules or means for its exercise. It is so general and comprehensive that its complete and full extent and use have practically hitherto not been fully and completely known and exemplified. It is unlimited, being bounded only by the exigencies which call for its exercise. As new instances of these occur, it will be found able to cope with them. Moreover, if required, the tribunals having authority to exercise it will, by virtue of it, possess the power to invent, frame, and formulate new and additional means, writs, and processes whereby it may be exerted. This power is not limited by forms of procedure or by the writ used for its exercise. [*In re McCree*, 495 Mich 51, 83; 845 NW2d 458 (2014), quoting *In re Huff*, 352 Mich 402, 418; 91 NW2d 613 (1958)].

Here, contrary to Wilkes' claim, the circuit court acted within its proper authority in granting Fannie Mae's requested relief instead of merely ordering the district court to do so. Fannie Mae was forced to seek superintending control because the district court repeatedly adjourned proceedings—despite the fact that the merits of the case had already been decided by the circuit court—instead of simply entering a judgment of possession in favor of Fannie Mae as required by court rule. Since the district court had previously failed to perform legal duties in response to the circuit court's ruling, it was reasonable for the circuit court to conclude that ordering the district court to enter a judgment of possession would be insufficient to provide Fannie Mae relief in a timely fashion. Therefore, the circuit court was within the proper bounds of its superintending control authority in granting relief to Fannie Mae directly. See *In re McCree*, 495 Mich at 83.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder