*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEAN COMPAGNER and LORIE COMPAGNER,

        Plaintiffs-Appellees,

v

ANGELA BURCH, PA-C, TIMOTHY RUTKOWSKI, M.D., JENNIFER ANDERSON, PA-C, LH PARTNERS SUB, doing business as LAKESHORE HEALTH PARTNERS, and JOEL VELDHOUSE, M.D.,

        Defendants,

and

EDWARD MAAS, M.D., and ADVANCED RADIOLOGY SERVICES PC,

        Defendants-Appellants,

and

HOLLAND COMMUNITY HOSPITAL, doing business as HOLLAND HOSPITAL,

        Defendant-Appellee.

FOR PUBLICATION
June 1, 2023

No. 359699
Ottawa Circuit Court
LC No. 21-006524-NH

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

K. F. KELLY, P.J. (*concurring in part and dissenting in part*).

While I agree with the majority's holding that *Carter v DNT Mgt Co*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 360772), controls the outcome of this case, and therefore concur in the majority's decision to affirm the trial court's order denying defendants' motion for summary disposition, I disagree with the majority's conclusion that the Michigan Supreme Court's Administrative Order ("AO") No. 2020-3, 505 Mich cxxvii (2020) ("AO 2020-3"), was an unconstitutional use of legislative power. Therefore, I respectfully dissent from the majority's

conclusion that AO 2020-3 was unconstitutional or that a conflict should be called with *Carter* regarding the constitutional validity of AO 2020-3.

## I. BACKGROUND

The global outbreak of the coronavirus ("COVID-19") was "one of the most threatening public-health crises of modern times."[1] *In re Certified Questions from the United States Dist Court, Western Dist of Mich, Southern Div*, 506 Mich 332, 337; 958 NW2d 1 (2020). In response to the pandemic, on March 10, 2023, Governor Gretchen Whitmer issued Executive Order No. 2020-04, which declared a state of emergency within Michigan. Facing these directives, the Michigan Supreme Court subsequently issued AO 2020-3 on March 23, 2020, stating:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 *is not included for purposes of MCR 1.108(1)*.
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.
>
> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. *Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.*[2] [Emphasis added.]

---

[1] In Michigan alone, more than 3 million people have contracted the virus, resulting in over 40,000 deaths. Michigan Department of Health and Human Services, *Michigan Coronavirus Data* <https://www.michigan.gov/coronavirus/stats> (last accessed May 17, 2023).

[2] As noted by the majority, AO 2020-3 was subsequently amended by the Michigan Supreme Court, in which the last paragraph was amended to state:

The Supreme Court's decision to issue AO 2020-3 was plainly designed to limit, to the greatest extent possible, face-to-face contact between people within the courts during the outbreak while still ensuring litigants had access to the courts and judicial system. As we now know, COVID-19 is transmitted most efficiently when individuals come into close contact with each other. See Centers for Disease Control and Prevention, *About COVID-19* <https://www.cdc.gov/coronavirus/2019-ncov/your-health/about-covid-19.html> (last accessed May 17, 2023) ("COVID-19 spreads when an infected person breathes out droplets and very small particles that contain the virus."). Moreover, "only 24 percent [of surveyed courts] had a documented emergency plan or continuity of operations plan in place prior to the pandemic." State Court Administrative Office, *Lessons Learned Committee, Michigan Trial Courts: Lessons Learned from the Pandemic of 2020-2021* <https://www.courts.michigan.gov/4a4803/siteassets/covid/covid-19/lessonslearned.pdf> (last accessed May 17, 2023), p 4. Faced with these unprecedented challenges and questions, each court had to consider issues

> such as how long the shutdown would last; how long hearings and trials should be adjourned; how the court should handle deadlines previously set in a proceeding but expiring during the shutdown; whether statutory filing deadlines would be extended; and whether court efforts to substantially comply with various mandated procedures under statute or Michigan Court Rules would be considered acceptable to SCAO and the Court as protecting procedural rights of parties during the shutdown. [*Id*. at 10.]

It was against this backdrop of confusion and lack of preparation that AO 2020-3 was issued.

AO 2020-3 was effective for 102 days. On June 12, 2020, the Michigan Supreme Court rescinded AO 2020-3, effective June 20, 2020, stating in AO 2020-18:

> In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil and probate case types *under MCR 1.108(1)*. Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the

---

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, *nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding*. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [Amended AO-2020-3, 505 Mich cxliv, cxlv (emphasis added).]

exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [Emphasis added.]

Turning to the case at bar, plaintiffs' cause of action for medical malpractice accrued when the review of plaintiff Dean Compagner's angiogram occurred on November 3, 2014. But for AO 2020-3, the claim would have expired on November 3, 2020, under the statute of repose. See MCL 600.5838a(2) (stating that a medical malpractice claim "shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim"). Plaintiffs, however, did not serve defendants with their notice of intent to sue until December 4, 2020. Thus, absent AO 2020-3, plaintiffs' claim would be barred under MCL 600.5838a(2).

For its part, the trial court disagreed with defendants' arguments that plaintiffs' claim extinguished under the statute of repose. Accordingly, the trial court denied defendants' motion for summary disposition under MCR 2.116(C)(7), as well as defendants' motion for reconsideration, and this appeal followed.

## II. ANALYSIS

The majority concludes that *Carter* incorrectly held that AO 2020-3 was constitutional. According to the majority, "[b]ut for *Carter*, we would hold that our Supreme Court did not have the constitutional authority to issue AO 2020-3 and AO 2020-18 and that plaintiffs' complaint was therefore untimely filed (after the expiration of the applicable statute of repose) . . . ." This is so, the majority posits, because enactments of laws such as statutes of limitations and statutes of repose "fall squarely within the exclusive ambit of the Legislature." The infirmity with *Carter*, according to the majority, was the *Carter* Court's conclusion that AO 2020-3 was not a statute of limitations but rather was a modification to the method of counting days under MCR 1.108. See *Carter*, slip op at 6.

In *Carter*, the Court made the unremarkable observation that while the Michigan Supreme Court is constitutionally permitted to "establish, modify, amend, and simplify the practice and procedure in all courts of this state," the Supreme Court may not "issue orders or enact court rules that establish, abrogate, or modify the substantive law." *Id*. at 5 (quotation marks and citations omitted). The issue, therefore, for the Court in *Carter* was whether AO 2020-3 was a modification or amendment to the state courts' practice and procedure or whether it was an abrogation or modification to substantive law. Concluding that AO 2020-3 fell within the former category, the Court stated:

By its own terms, AO 2020-3 was modifying the computation of days under MCR 1.108 for purposes of determining filing deadlines, which is plainly a procedural matter. Further, even the normal application of MCR 1.108(1) may result in more time than permitted by the statute of limitations. That is, if the last day of the limitations period is a day on which the court is closed, the period runs until the next day that the court is open. See MCR 1.108(1). The law of counting time favors this approach, i.e., granting more rather than less than [sic] time to file than permitted by statute, to ensure that the parties receive the entire amount of time for filing that they are entitled to. See *Haksluoto v Mt Clemens Regional Med Ctr*,

-4-

500 Mich 304, 314-320; 901 NW2d 577 (2017). That is precisely what the Supreme Court was trying to accomplish with AO 2020-3, which was issued when there were court closings because of the COVID-19 pandemic. [*Id*. at 6.]

I agree with this holding in *Carter*.[3] Just as this Court proceeds with the well-established presumption that acts of the Legislature are constitutional, see *Keenan v Dawson*, 275 Mich App 671, 680; 739 NW2d 681 (2007), the same must be said for the Michigan Supreme Court's orders. The explicit language of AO 2020-3 makes it clear that the order modified the computation of days under MCR 1.108(1). I therefore begin with the presumption that AO 2020-3 means what it says and was, therefore, a constitutional exercise of its power to "establish, modify, amend, and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5.

This presumption cannot, of course, end the inquiry. While the practical effect of AO 2020-3, at its farthest limits, gave litigants an additional 102 days to file their claims, we only know this with the benefit of hindsight. This raises the fundamental issue with the majority's reasoning: it is backward-looking, examining the effect of AO 2020-3 from the benefit of two years of experience and hindsight. However, at the time AO 2020-3 was issued in March 2020, no one knew the breadth of the impact that COVID-19 would have on our court system. Many presumed the pandemic would run its course in a matter of days or weeks. Moreover, and perhaps more importantly, the courts across the state were simply unprepared to immediately facilitate faceless, electronic filings or remote hearings. While the majority observes that Ottawa County was a leader in the move toward electronic filings, the Michigan Supreme Court was, presumably,

---

[3] While I agree with *Carter*'s conclusion that AO 2020-3 was a proper exercise of the Michigan Supreme Court's authority to establish the procedure and practice in the state's courts, which is dispositive of the issue, I do not join *Carter*'s pronouncement that "it is questionable whether this Court has the power to declare unconstitutional administrative orders of the Supreme Court." *Carter*, slip op at 6. To that end, I agree with the majority's position "that it is our duty to decide controlling legal questions that arise in appeals over which we have jurisdiction, including in this case the constitutional validity of the AOs."

I also agree with the majority's footnote criticizing the *Carter* Court's reliance on superintending control as "misplaced." Superintending control is "the proper method to challenge the general practices of an inferior court." *In re Credit Acceptance Corp*, 273 Mich App 594, 598; 733 NW2d 65 (2007). "For superintending control to lie, the plaintiff must establish that the defendant has failed to perform a clear legal duty and that plaintiff is otherwise without an adequate legal remedy." *Id*. While COVID-19 presented unprecedented challenges for the lower courts, there is no evidence the courts failed to perform their duties, thus giving rise to superintending control.

Lastly, like the majority, I take issue with the *Carter* court's holding that "all litigants whose limitations periods had not expired prior to the adoption of AO 2020-3 were entitled to the *exclusion of days* under AO 2020-3." *Carter*, ___ Mich App at ___; slip op at 4 (emphasis added). That is to say, I do not interpret AO 2020-3 as *excluding* days from limitations periods, but rather I interpret the order as *suspending* those days such that once the order expired, litigants whose deadlines would have otherwise expired could still file their pleadings the following day.

concerned not only with Ottawa County, but every county and court system within the state. It is also noteworthy that the majority carefully avoids making the sweeping assertion that *every* court was open to the public during the state of emergency, merely stating that "courts *largely* remained open during the state of emergency" and that trial courts "*generally* continued to accept court filings." (Emphasis added.) In other words, what of the courts that were not open, or that, for some period of time, could not accept court filings? I must presume that the Supreme Court, when issuing AO 2020-3, was considering those corner cases when crafting the order.

Contrary to the majority, I would conclude that AO 2020-3 was a proper exercise of the Michigan Supreme Court's constitutional power. The ability for litigants to access the courts was at issue, and the Court had a responsibility to ensure access. But even if I were to agree that AO 2020-3 was unconstitutional—it was not—I also disagree with the majority's remedy should *Carter* be overruled. According to the majority, "but for *Carter*, we would reverse and remand for entry of summary disposition in favor of defendants." Doing so would act as a great injustice to the lawyers and litigants around the state legitimately acting in reliance on orders issued by the Supreme Court in a time of chaos and uncertainty. In other words, under the majority's reasoning, AO 2020-3 should have been identified by every lawyer as unconstitutional and, as a result, would be obligated to not act in reliance on it. I cannot countenance a decision that would, in effect, say lawyers were perhaps constitutionally ineffective by relying on orders issued by the highest court in this state, whose responsibility it is to administer the state's court system.

Moreover, *Carter* is fully briefed before the Michigan Supreme Court on a pending application for leave to appeal. The same is true for *Armijo v Bronson Methodist Hosp*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket Nos. 358728, 358729). Thus, the issues raised by the majority are ripe for review by that Court and, if it wishes to declare AO 2020-3 unconstitutional, it is primed to do so. Accordingly, for this Court to declare a conflict with *Carter* at this juncture is unnecessary and would amount to little more than an advisory opinion on the matter.

Therefore, I concur with the majority's decision to affirm the order of the trial court denying defendant's motion for summary disposition, but dissent from the conclusion that AO 2020-3 was unconstitutional or that a conflict panel should be called.

/s/ Kirsten Frank Kelly