STAMP v MILL STREET INN

Docket No. 86405. Submitted April 2, 1986, at Detroit. Decided June 2, 1986. Leave to appeal denied, 426 Mich —.

   Patricia Stamp, as personal representative of the estate of Seymour Michael Stamp, deceased, and individually, brought a dramshop action against Mill Street Inn and others in Oakland Circuit Court alleging that the decedent was intoxicated and that his intoxication caused or contributed to his death in an automobile accident on or about February 24, 1983, and that he was served intoxicating liquors while visibly intoxicated by the various bar defendants in the case. On May 6, 1985, defendants Patricia Pasco, doing business as Groveland Valley Lounge; Donelli; and Gerald Bernadotte and George M. Crawford, doing business as J.B.'s Orion Lounge, filed their answers and affirmative defenses, alleging that plaintiff, as the decedent's personal representative, was not a proper party to bring a dramshop action. Plaintiff filed her first amended complaint alleging that she sued in her individual capacity as wife of the decedent as well as in her representative capacity. Groveland and J.B.'s moved for summary disposition claiming that plaintiff's amended complaint was barred by the statute of limitations. Donelli filed its answer and affirmative defense to the first amended complaint. The court, T. John Lesinski, J., heard the motions for summary disposition, granted the motions in part by dismissing plaintiff's action as personal representative and denied the motions in part by allowing plaintiff to proceed as an individual and by allowing plaintiff's first amended complaint to relate back to February 15, 1985, the day plaintiff's original complaint was filed. Groveland, J.B.'s and Donelli moved for a rehearing, which was granted. Following the rehearing, the court, Martin B. Breighner, J., overturned the earlier decision by dismissing plaintiff's first amended com-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561-614.

Am Jur 2d, Pleading §§ 230 et seq.

Amendment of pleading after limitation has run, so as to set up subsequent appointment as executor or administrator of plaintiff who professed to bring the action in that capacity without previous valid appointment. 27 ALR4th 198.

plaint, finding that it was barred by the expiration of the period of limitation and therefore could not relate back to February 15, 1985. Plaintiff appealed. *Held:*

1. Amendment of pleadings may be allowed to change the identity of a party plaintiff where the plaintiff originally brought an action in the wrong capacity and the new plaintiff may be allowed to take advantage of the former action if the original plaintiff had in any capacity either before or after the commencement of the action an interest in the subject matter of the controversy.

2. Defendants were given notice in the original pleading that the action was brought under the dramshop act, and plaintiff stated in the original complaint that she was entitled to recover as wife in addition to her position as personal representative and that the defendants had acted in violation of the dramshop act. To rule that this was a new action by an entirely different party when the wife clearly has a right under the dramshop act to recover from defendants who had violated the dramshop act and not to apply the relation-back provision of the court rule would be to exalt form over substance. The order of Judge Breighner is reversed and the order of Judge Lesinski is reinstated.

Reversed and remanded for trial.

PLEADING — AMENDMENT OF PLEADINGS — NEW PARTIES — SUBSTITUTION OF PARTIES.

Amendment of pleadings to change the identity of the party plaintiff may be allowed where the plaintiff originally brought an action in the wrong capacity and the new plaintiff may be allowed to take advantage of the former action if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy.

*Guastello & Dloski, P.C.* (by *Robert W. Kirk*), for plaintiff.

*Barsky & Meth, P.C.* (by *Edward B. Meth*), for Patricia Pasco, doing business as Groveland Valley Lounge.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen*), for Gerald Bernadotte and George M. Crawford, doing business as J.B.'s Orion Lounge.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-
RADAILE,* JJ.

E. E. BORRADAILE, J. Plaintiff commenced suit on
February 15, 1985, as decedent's personal repre-
sentative under the Michigan dramshop act,[1]
claiming that the deceased, Seymour Michael
Stamp, was intoxicated and that his intoxication
caused or contributed to his death in an automo-
bile accident on or about February 24, 1983, and
that he was served intoxicating liquors while visi-
bly intoxicated by the various bar defendants in
the case. On May 6, 1985, defendants-appellants,
Patricia Pasco, doing business as Groveland Valley
Lounge; Donelli, and Gerald Bernadotte and
George M. Crawford, doing business as J.B.'s Orion
Lounge, filed their answers and affirmative defen-
ses, alleging that plaintiff, as decedent's personal
representative, was not a proper party to bring a
dramshop action under MCL 436.22; MSA 18.993.

On May 14, 1985, plaintiff filed her first
amended complaint alleging that she sued in her
individual capacity as wife of the decedent as well
as in her representative capacity. On May 22,
1985, J.B.'s moved for summary disposition, claim-
ing that plaintiff had failed to state a claim upon
which relief could be granted. MCR 2.116(C)(8). It
was apparent that J.B.'s was not aware of the first
amended complaint and, on May 28, 1985,
amended its motion, claiming that plaintiff's
amended complaint was barred by the statute of
limitations. On that same date, Groveland filed a
similar motion for summary disposition. Donelli

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Michigan dramshop act, 1933 (Ex Sess) PA 8, § 22, effective
immediately on December 15, 1933; last amended 1980 PA 351, § 1,
effective immediately on December 29, 1980. MCL 436.22; MSA
18.993.

filed its answer and affirmative defenses to plaintiff's first amended complaint on May 28, 1985.

On June 13, 1985, visiting Judge T. John Lesinski, sitting in Oakland Circuit Court, heard defendants-appellants' motions for summary disposition and, on June 20, 1985, granted defendants-appellants' motions in part by dismissing plaintiff's action as personal representative and denied defendants-appellants' motions in part by allowing plaintiff to proceed as an individual and by allowing plaintiff's first amended complaint to relate back to February 15, 1985.

Thereafter, J.B.'s, Groveland and Donelli moved for a rehearing and, on July 3, 1985, visitng Oakland Circuit Judge Martin B. Breighner heard the motions and, on July 8, 1985, granted defendants' motions for rehearing and overturned Judge Lesinski's earlier decision by dismissing plaintiff's first amended complaint, finding that it was barred by the statute of limitations and therefore could not relate back to February 15, 1985. Plaintiff appeals as of right, and only Groveland and J.B.'s have filed briefs in opposition to the appeal.

We reverse the Breighner decision and affirm the Lesinski decision.

I

Plaintiff first challenges the rehearing on the motion which had been heard by the first visiting judge. MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show

that a different disposition of the motion must result from correction of the error.

This provision is a new provision not found in the General Court Rules, and is similar to local rule 17(k) of the United States District Court for the Eastern District of Michigan. The transcripts of the two hearings before the different judges have not been provided to this Court, but the Court will deal with the issues raised by this particular question.

Similar language has been used by the appellate courts relating to a trial judge's granting of a new trial in a case. See *Graeger v Hager,* 275 Mich 363, 368; 266 NW 382 (1936), where the Court said "[t]rial courts have a large discretion in the matter of granting new trials, and this court will not interfere unless the abuse of that discretion is palpable." (Citations omitted.) "Palpable" is defined in Black's Law Dictionary (5th ed, 1979), p 1000, as "[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest."

The other provisions of MCR 2.119(F) indicate that no response to the motion may be filed and there is no oral argument unless the court otherwise directs, and the motion is to be filed no later than seven days after entry of the order disposing of the motion. It is not clear from the court rules whether sanctions are applicable. In MCR 2.114, sanctions are made applicable for pleadings signed in violation of the rule, and in MCR 2.116, sanctions are imposable for filing a motion or affidavit in bad faith for summary disposition of a case. Since no response is allowed and nor oral argument is permitted unless the court orders, the penalties provided under 2.119(E)(4)(c) are not applicable.

While we feel that the issues to be discussed

subsequently are more important to this case, it seems highly unlikely that the defendants had demonstrated a palpable error in the case to show that the parties had been misled and that a different disposition of the motion must result from the correction of the error. It seems that the rule can be read that an error as to the law would be applicable. The language of the court rule reads "palpable error" in the conjunctive with the language "parties have been misled," and that does not seem applicable here.

Defendant Groveland argues that the dismissal of plaintiff's individual claim resulted in final disposition of the case and that the only way that there could have been correction if that motion had not been granted by the second judge would have been on appeal, with greater expense to all parties involved. Defendant Groveland is attempting to bootstrap the issue of whether plaintiff had the right to amend and whether that amendment would relate back to save the claim under the statute of limitations, and this is not an adequate response to the questions raised in this case.

II

Defendant Groveland in particular says that the pleading requirements of a case are governed by MCR 2.113 and that every pleading must contain a caption stating the names of the parties to the action and that plaintiff's complaint did not conform to the requirement of that rule.

Plaintiff counters that argument by alleging that in paragraph 12 of the original complaint, the following language was used:

12. That Plaintiff, Patricia Stamp, wife and personal representative of deceased Seymour Michael

Stamp brings this action pursuant to [MCL] 436.22.

and that paragraph 13 reads:

13. Plaintiff, as wife and personal representative of said deceased is entitled to recover herein such damages as shall be deemed fair and just under all the circumstances to those persons who may be entitled to such damages recovered under the aforesaid statute . . . .

Defendant Groveland counters that plaintiff's prayer for relief says:

Wherefore, Plaintiff, Patricia Stamp, administrator of the estate of Seymour Michael Stamp, deceased, claims judgement against the defendants in whatever amount plaintiff is found to be entitled, together with costs, attorney fees, interest from the date of judgement, and all other relief proper in the premises.

The question of caption of the case is not particularly important, as noted by Justice SMITH in his concurring opinion in *Sovereign v Sovereign,* 354 Mich 65, 71; 92 NW2d 585 (1958), in which, in dealing with the question of whether an attorney had entered a special appearance or a general appearance under the old 1939 Court Rules to attack jurisdiction, he said "we are not bemused by the form of words use, by the caption as special or general. We look to the relief asked."

In *Koons v Walker,* 76 Mich App 726; 257 NW2d 229 (1977), this Court, in dealing with the question of whether a successor owner of a business had been properly notified of the claim brought by a plaintiff, held that the party was properly in the suit though another person had been named as the

original defendant in the action. This Court does not feel that any different result should apply to a plaintiff than applies to a defendant in an action.

### III

The primary substantive issue in this case is whether the defendants had been given notice of the pending action so that the relation-back rule of MCR 2.118(D) overrides the passage of the period of limitation and whether in fact a different party is in the case than the plaintiff who originally started the lawsuit.

Defendants pin their whole argument in this case upon *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965), where the Supreme Court held that a wrongful death action brought by the fiduciary of the estate under the dramshop act was improper and that an amendment to name the individual plaintiff after the period of limitation had passed was the introduction of a new cause of action. Defendants have relied upon the wrong case. Chief Justice T. M. KAVANAGH said in *Genesee Merchants Bank v Bourrie, supra,* pp 388-389:

> The first issue to be determined is the applicability to this case of the General Court Rules of 1963 . . . . GCR 1963, 14, makes the new rules effective January 1, 1963, and applicable to all proceedings subsequent to that date in actions brought before that date, unless it would not be feasible or would work injustice. Since a final order had been signed in this case before the effective date of GCR 1963, the latter rules do not govern any proceedings in this case.
>
> \* \* \*
>
> In answer to plaintiff's claim that the trial court erred in refusing to permit the substitution as a

real party in interest of the widow of plaintiff's decedent, defendants indicate that the substitution of the widow was not moved for until after the order of dismissal, on the motion for rehearing. Since the record reveals no earlier request, any right to such substitution has been waived.

Plaintiff's declaration and motion to amend each indicates that the action is being brought under the death by wrongful act statute, and neither mentions nor cites the dram shop act.

The defendants, but in particular defendants J.B.'s, argue that *Doan v Chesapeake & Ohio R Co,* 18 Mich App 271; 171 NW2d 27 (1969), only covers those situations where the administrator of a decedent's estate either had not yet been appointed or was acting as a special representative prior to full appointment.

We are satisfied that defendants attempt to read GCR 1963, 118.4, now MCR 2.118(D), too narrowly. As stated in *Drapefair, Inc v Beitner,* 89 Mich App 531; 280 NW2d 585 (1979), amendment of pleadings may be allowed to change the identity of a party plaintiff where the plaintiff originally brought an action in the wrong capacity and the new plaintiff may be allowed to take advantage of the former action if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy. *Drapefair, supra,* pp 541-542, quotes from *Plowman v Satkowiak,* 22 Mich App 425; 177 NW2d 641 (1970), noting that the *Plowman* Court cited *Doan, supra,* in which the *Doan* Court approved the limitation found in 63 Harvard L Rev 1177, 1239 (1950):

"However . . . where the plaintiff sues in the wrong capacity some courts have experienced con-

siderable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.*" (Emphasis supplied.) [18 Mich App 279.]

In *Plowman, supra,* p 430, the Court quoted from the Supreme Court in *LaBar v Cooper,* 376 Mich 401, 405-406; 137 NW2d 136 (1965), which quoted from 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 416, as follows:

"Subrule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal rules. See committee comment (5), *supra.* The test is no longer conceptual, but rather functional. The amendment relates back to the date of the original pleading and, therefore, is not barred by limitations, whenever the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *It is thus beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally.* The new test satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction." [Emphasis supplied.]

It is quite clear in our case that defendants were given notice in the original pleading that the action was brought under the dramshop act, as was set forth in paragraph 8 of the pleadings as

well as paragraph 10, and, while the pleadings were not well drafted, plaintiff did state in paragraphs 12 and 13 that she was entitled to recover as wife in addition to her position as personal representative and in paragraph 10 that the parties had acted in violation of the provisions of MCL 436.22; MSA 18.993.

To rule that this was a new action by an entirely different party when the wife clearly has a right under the dramshop act to recover from defendants who have violated the dramshop act and not to apply the relation-back provision of the court rule would be to exalt form over substance.

The order of Judge Breighner is reversed and the order of Judge Lesinski is reinstated.

Reversed and remanded for trial.