TICE ESTATE v TICE

Docket No. 290716. Submitted June 3, 2010, at Detroit. Decided June 10, 2010, at 9:05 a.m.

Robert Porter brought an action in his own name against Scott M. Tice and Barbara E. Tice in the Muskegon Circuit Court. Porter sought title to a parcel of property that his deceased mother, Gloria Tice, had transferred to Barbara in a quitclaim deed before her death. Barbara had subsequently transferred the property to her son Scott. Porter alleged that the transfer to Barbara was fraudulent and that the deed was insufficient. Defendants moved for summary disposition, asserting that Porter was not the real party in interest. The court, James M. Graves, Jr., J., agreed, but granted Porter's motion for leave to file an amended complaint. After reopening the estate, Porter filed an amended complaint as personal representative, with the estate designated as the plaintiff. Defendants then filed a second motion for summary disposition, contending that the case was barred by the statute of limitations. Plaintiff countered that the action was timely because the amended complaint related back to the original filing under MCR 2.118(D). The court ruled that the relation-back doctrine did not apply because the estate was a new party and granted defendants' motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held*:

1. The relation-back doctrine does not extend to the addition of new parties, but when a plaintiff has brought an action in the wrong capacity, a new plaintiff is allowed to take advantage of the original action if the original plaintiff had an interest in the subject matter of the controversy. In this case, the estate should have been permitted to take advantage of the original filing because Porter, as Gloria's sole heir, had an interest in the subject matter of the controversy.

2. MCL 700.3701 also supports application of the relation-back doctrine in this case. The statute requires that a personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as acts occurring after appointment. Under the statute, Porter's act of commencing the suit should

have been given the same effect as if, at the time, he had been the personal representative of the decedent.

Reversed and remanded.

1. PLEADING — AMENDMENT OF PLEADINGS — NEW PARTIES — SUBSTITUTION OF PARTIES — RELATION-BACK DOCTRINE.

The relation-back doctrine, which provides that an amended complaint relates back in time to the filing of the original complaint, does not extend to the addition of new parties, but when a plaintiff has brought an action in the wrong capacity, a new plaintiff may take advantage of the original action—for example, to avoid a statute of limitations—if the original plaintiff had an interest in the subject matter of the controversy (MCR 2.118[D]).

2. EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — POWERS OF PERSONAL REPRESENTATIVES — RELATION-BACK DOCTRINE.

A personal representative's powers relate back in time to give his or her acts before appointment that were beneficial to the estate the same effect as those occurring after appointment (MCL 700.3701).

*Mary E. Farrell, PLLC* (by *Mary E. Farrell*), for plaintiff.

*Ladas & Hoopes Law Offices, PLC* (by *Kenneth S. Hoopes*), for defendants.

Before: HOEKSTRA, P.J., and MARKEY and DAVIS, JJ.

PER CURIAM. In this dispute over a parcel of real property, plaintiff, the estate of Gloria Tice, appeals as of right the trial court's order granting summary disposition to defendants on the basis of statute of limitations. Because we conclude that the relation-back doctrine of MCR 2.118(D) applies to the amended complaint, we reverse and remand. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

### I. BASIC FACTS AND PROCEDURAL HISTORY

Gloria Tice was the owner of a five-acre parcel of real

property in Holton, Michigan. Defendant Barbara Tice, who was related to Gloria's deceased husband, served as Gloria's caregiver in 1999. On August 30, 1999, Gloria executed a quitclaim deed transferring the property to Barbara for $1. Barbara subsequently transferred the property to her son, defendant Scott Tice.

·  Gloria died on January 24, 2004, leaving her son, Robert Porter, as the personal representative of her estate. Porter testified that he believed Gloria had transferred either an acre or an acre and a half of the parcel to Barbara, but he was unaware that she had transferred the entire five-acre parcel to Barbara. According to Porter, he discovered that defendants were claiming title to the entire property in June 2006.

Porter brought suit in his own name against defendants on April 16, 2008. He sought title to the property, alleging that the transfer to Barbara was fraudulent and that the quitclaim deed to her was insufficient. Defendants moved for summary disposition under MCR 2.116(C)(5), arguing that Porter was not the real party in interest and that Porter should have brought the suit as the personal representative of the decedent. The trial court agreed with defendants that the case was improperly brought by Porter, but granted Porter's motion for leave to file an amended complaint. After reopening the estate, which had been administratively closed, Porter filed an amended complaint on November 3, 2008, as the personal representative, with the estate designated as the plaintiff. Defendants filed a second motion for summary disposition under MCR 2.116(C)(7), contending that the case was barred by the statute of limitations. The trial court agreed and granted summary disposition to defendants.

II. ANALYSIS

The estate argues that because the amended complaint only changed the name of the plaintiff, rather than adding a new plaintiff, the trial court erred by holding that the amended complaint was barred by the statute of limitations. We agree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340; 573 NW2d 637 (1997). Summary disposition is appropriate under MCR 2.116(C)(7) if "[t]he claim is barred because of . . . [the] statute of limitations . . . ." "With regard to a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court reviews the affidavits, pleadings, and other documentary evidence presented by the parties and accept[s] the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence, as true." *Young v Sellers*, 254 Mich App 447, 450; 657 NW2d 555 (2002) (quotation marks and citation omitted).

Porter relied on MCL 600.5855 in asserting the timeliness of the original complaint. MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

The trial court found that there was an issue of fact regarding whether Porter was aware of the alleged fraudulent conveyance in 1999 or whether he discov-

ered it in June 2006. However, because the complaint was not amended to reflect that the estate was the plaintiff until after the two-year period arguably provided by MCL 600.5855 had expired, the trial court determined that the action was not timely filed. In so holding, the court ruled that the relation-back doctrine of MCR 2.118(D) did not apply because the estate was a new party.

MCR 2.118(D) provides:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

This Court has previously held that "the relation-back doctrine does not extend to the addition of new parties." *Employers Mut Cas Co v Petroleum Equip, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991); see also *Hurt v Michael's Food Ctr, Inc*, 220 Mich App 169, 179; 559 NW2d 660 (1996). We conclude, however, that the present case is distinguishable from *Employers Mut* and *Hurt* on the basis of *Stamp v Mill Street Inn*, 152 Mich App 290; 393 NW2d 614 (1986). In *Stamp*, which concerned the substitution of a party rather than the addition of a new party, the Court held that

> amendment of pleadings may be allowed to change the identity of a party plaintiff where the plaintiff originally brought an action in the wrong capacity and the new plaintiff may be allowed to take advantage of the former action if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy. [*Id*. at 298.]

In this case, Porter, as Gloria's sole heir, had an interest in the subject matter of the controversy. Presuming for the sake of analysis that the estate's action

will be successful, Porter will be the ultimate beneficiary. Thus, under the *Stamp* rule, the estate should have been allowed to take advantage of Porter's filing of the original complaint.

Peculiar to this case, there is also statutory support for such a holding. MCL 700.3701 provides:

> A personal representative's duties and powers commence upon appointment. A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment. Subject to [MCL 700.3206 to 700.3208], before or after appointment, a person named as personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative.

Under this statute, it appears that Porter's act of commencing the suit should have been given the same effect as if, in April 2008, he had been the personal representative of the decedent. If Porter had been the personal representative at the time that he filed suit, then the only issue would have been that the case was not properly captioned. This Court has held that the form of the caption is generally not of particular importance. *Howard v Bouwman*, 251 Mich App 136, 145-146; 650 NW2d 114 (2002), citing *Stamp*, 152 Mich App at 296.

From the foregoing, we conclude that the amended complaint related back in time to the filing of the original complaint. The relation-back doctrine does not extend to the addition of new parties, *Employers Mut*, 190 Mich App at 63, but when a plaintiff has brought an action in the wrong capacity, a new plaintiff is allowed

to take advantage of the original action if the original plaintiff had an interest in the subject matter of the controversy, *Stamp*, 152 Mich App at 298. Under the *Stamp* rule, the estate should have been allowed to advantage of the original filing because Porter, as Gloria's heir, had an interest in the subject matter of the controversy. Permitting relation back is also supported by MCL 700.3701, under which Porter's act of commencing the suit should have been given the same effect as if, at the time, he was the decedent's personal representative. Notably, defendants had notice within the statutory period that they would have to defend against claims of a fraudulent transfer and an insufficient deed. Thus, ruling in the estate's favor will not undermine the purpose of the statute of limitations. See *Stamp*, 152 Mich App at 299, citing 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 416.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.