*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC,

　　　　　Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY, MICHIGAN ASSIGNED CLAIMS PLAN, and JOHN DOE,

　　　　　Defendants-Appellees.

UNPUBLISHED
July 18, 2019

No. 344461
Oakland Circuit Court
LC No. 2018-164021-NF

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

I fully concur with the majority's analysis of the notice issue presented in this case. I concur with the majority's analysis of the relation-back issue only because I am compelled to do so by this Court's opinion in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), oral argument gtd on application 503 Mich 882 (2018). The *Shah* majority concluded that a late-filed assignment of rights does not relate back to the date of the original complaint. In my view, this conclusion is fundamentally incorrect.

Plaintiff Michigan Head & Spine Institute, PC (MHSI), filed this lawsuit on February 23, 2018, seeking recovery of no-fault benefits from defendants for services rendered to Avake Bell following an February 28, 2017 accident. After our Supreme Court decided *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), Bell executed an assignment of his rights under the no-fault act to MHSI. The assignment is dated March 8, 2018. Guided by *Shah*, the majority holds that the assignment does not relate back to the date of the original complaint and that under the one-year-back rule, MCL 500.3145(1), MHSI's claim is limited to services provided since March 8, 2017.

I believe that the *Shah* majority incorrectly characterized an amended complaint reflecting an assignment as a supplemental pleading under MCR 2.118(E). As Judge SHAPIRO pointed out in his *Shah* dissent, MCL 500.3145(1) provides that benefits may be recovered " 'for any portion of the loss incurred more than 1 year before *the date on which the action was*

-1-

*commenced.*' " *Shah*, 324 Mich App at 219 (SHAPIRO, J., dissenting) (emphasis added in *Shah*). This language signals that the Legislature intended that a plaintiff's *original complaint* would serve as the tolling mechanism for first-party no-fault claims.

Like Judge SHAPIRO, I find no support for the *Shah* majority's view that "the addition of an allegation to establish standing" commences a new action. *Id*. Indeed, a number of cases hold to the contrary. See *Hayes-Albion Corp v Whiting Corp*, 184 Mich App 410, 416-418; 459 NW2d 47 (1990), lv den 439 Mich 862 (1991), recon den 478 NW2d 448 (1991) (holding that an amended complaint adding the plaintiff's insurance company would relate back to the original complaint as long as the added plaintiff had an interest that arose "out of the conduct, transaction or occurrence set forth . . . in the original" complaint); *Stamp v Mill Street Inn*, 152 Mich App 290, 298-300; 393 NW2d 614 (1986), lv den 426 Mich 882 (1986) (holding that a complaint amended to reflect that the plaintiff was suing in an individual capacity as opposed to as personal representative of her husband's estate related back to the original complaint provided that the plaintiff had, in any capacity either before or after she filed suit, an interest in the subject matter of the controversy). See also *Tice Estate v Tice*, 288 Mich App 665, 669-671; 795 NW2d 604 (2010) (holding that the amendment to reflect that the plaintiff was the personal representative of his mother's estate, as opposed to proceeding individually on behalf of his mother's estate, would relate back to the original filing where the defendant had knowledge of the claims and the change in status of the plaintiff would not undermine the statute-of-limitations defense).

Unfortunately, the plaintiff in *Shah* failed to file a cross-application in our Supreme Court challenging the majority's relation-back analysis in that case. However, an application raising the relation-back issue is pending in *Med Alternatives v Auto-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2018 (Docket No. 340561), and has been held in abeyance pending the Supreme Court's decision in *WA Foote Mem Hosp v Mich Assigned Claims Plan*, S Ct Docket No. 156622. I urge the Supreme Court to remedy *Shah*'s error in these cases.

/s/ Elizabeth L. Gleicher