*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JOYCE PATTON, by EDWARD
PATTON, Personal Representative,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
February 20, 2020

No. 345637
Wayne Circuit Court
LC No. 17-016986-NF

Before: GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Edward Patton filed a complaint against Farmers Insurance Exchange seeking first-party no-fault benefits allegedly owed to Joyce Patton, his deceased mother. The complaint averred that Edward had been appointed the personal representative of Joyce's estate. He had not. An estate was not opened until about six weeks later, and April Nash was named as its personal representative.

Farmers moved for summary disposition under MCR 2.116(C)(5), contending that Edward lacked standing and the capacity to sue. At the outset of the parties' oral arguments in the circuit court, Farmer's counsel advised that Edward had been named as the successor personal representative of Joyce's estate. Nevertheless, defense counsel insisted, summary disposition was required because Edward lacked standing to sue when the case was brought and any amended pleading would not relate back.

The circuit court contemplated aloud the possibility of permitting an amended complaint, ("I suppose he could amend the complaint to name the proper party at this point, which is the estate"), but ultimately denied without explanation Edward's request to do so. The court granted summary disposition, ruling that the matter was "just sort of a mess" without specifically elucidating any additional reasoning.

Edward now appeals. Our review is de novo, as the question presented is one of law. *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002).

We sympathize with the court's befuddlement, as the law governing the issue was barely mentioned by Edward's counsel, and in an inapposite legal context. Nevertheless, a statute his counsel cited is dispositive and directly on point. MCL 700.3701 provides:

> A personal representative's duties and powers commence on appointment. *A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment.* Subject to [MCL 700.3206 to MCL 700.3207], before or after appointment, a person named as personal representative in a will may carry out the decedent's written instructions relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept an act on behalf of the estate done by another if the act would have been proper for a personal representative. [Emphasis added.]

Under the italicized and plain language of MCL 700.3701, Edward's subsequent appointment as the personal representative of Joyce's estate relates back to the date Edward filed the complaint, as long as "acts occurring before appointment" benefitted the estate. They did. The complaint tolled the statute of limitations and also preserved the estate's ability to seek PIP benefits one year back from the date of its filing. See MCL 500.3145(2). Accordingly, Edward's subsequent appointment as the personal representative of Joyce's estate relates back to the date he filed the complaint.

This Court considered a similar relation-back issue in *Tice Estate v Tice*, 288 Mich App 665, 669; 795 NW2d 604 (2010). There, the decedent's estate was opened and closed before a quiet title action was filed in the name of the decedent's son. *Id*. at 667. In response to a motion for summary disposition, the decedent's son reopened the estate and filed an amended complaint, but the trial court granted summary disposition in the defendant's favor. *Id*. We applied MCL 700.3701 and reversed, explaining that "[u]nder this statute, it appears that [the son's] act of commencing the suit should have been given the same effect as if, [on the date the complaint was first filed], he had been the personal representative of the decedent." *Id*. at 670.

Because the appointment relates back, Edward had standing to bring the estate's claim and must be permitted to file an amended complaint identifying himself as the successor personal representative. See also MCL 700.3703(3) ("Except as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death.").

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Anica Letica