*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVE ST. JULIANA, Personal Representative of the ESTATE OF HANA ST. JULIANA,

      Plaintiff-Appellant,

v

STATE POLICE and STATE OF MICHIGAN,

      Defendants-Appellees.

FOR PUBLICATION
July 17, 2025
2:06 PM

No. 370427
Court of Claims
LC No. 23-000139-MM

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this wrongful-death action, plaintiff, as the personal representative of his daughter's estate, appeals as of right the order of the Court of Claims granting defendants' motion for summary disposition. For the reasons set forth in this opinion, we reverse and remand this matter for further proceedings.

## I. BACKGROUND

This case pertains to the school shooting that occurred on November 30, 2021, at Oxford High School, which resulted in the tragic death of Hana St. Juliana, a student at the school. Hana was just 14 years old when she was murdered. Her father, Steve St. Juliana, acting as the personal representative of her estate,[1] instituted a wrongful-death lawsuit against the State of Michigan and the Michigan State Police, pursuant to MCL 600.2922. Plaintiff filed his verified complaint in the Court of Claims on October 2, 2023.

In his complaint, plaintiff alleges that defendants failed to fulfill their statutory and constitutional obligations to safeguard the decedent and her fellow students from a foreseeable risk of death or injury due to violence at the school. The complaint states that the Michigan State Police facilitated the OK2SAY program, which provides a tipline for members of the public to

---

[1] Hereafter, we refer to Steve St. Juliana as plaintiff.

confidentially report potential threats or criminal activities targeting students, school personnel, or educational institutions. It is further alleged that during November 2021, as concerns about a potential risk of violence at Oxford High School escalated, both students and parents communicated these concerns to school administration. Additionally, the Michigan State Police tipline reportedly received a specific tip regarding a planned school attack, which was forwarded to the Oxford High School administration and the Oakland County Sheriff's Department. According to plaintiff's complaint, the sheriff's office determined that there was no actual threat, and no further action was taken in response to this tip.

The complaint also identifies Ethan Crumbley as the student responsible for the shooting,[2] and further alleges that Crumbley received a handgun as a gift from his father on November 26, 2021, and that both he and his mother made various references to this gift in publicly accessible social media posts. It is alleged that the tipline received multiple reports concerning this newly acquired handgun and related social media content. Furthermore, plaintiff asserts that the tipline received numerous alerts in November 2021 from Oxford High School students, staff, parents of students, and other community members, expressing concerns regarding threats to the school.

Before the shooting, on November 29 and 30, Crumbley attended several meetings with school officials concerning use of his cellphone to view ammunition and a video depicting gun violence, as well as drawings he created on a class assignment illustrating gun violence. Following these meetings, he returned to class and subsequently committed the shooting, resulting in the deaths of Hana and three other students, in addition to causing serious injuries to seven other individuals.

In this action, plaintiff seeks damages, asserting that the Michigan State Police inadequately responded to the tips received about potential school violence at Oxford High School. Plaintiff contends that had the Michigan State Police fulfilled their duty to address the escalating tips and threats of violence leading up to the November 2021 incident, the tragedy that caused Hana's death might have been avoided. Plaintiff claims that he only became aware of the Michigan State Police's involvement relevant to this lawsuit on July 21, 2022, following a federal lawsuit against the Oxford Community School District, which revealed that the police had received numerous tips about potentially hazardous conditions at the school. He further states that he filed a notice of intent to sue in the Court of Claims on September 22, 2022, within six months of discovering the breaches attributed to the Michigan State Police that form the basis of this action.

In lieu of filing an answer, defendants brought a motion under MCR 2.116(C)(7), (8), and (10), alleging that the complaint should be dismissed because plaintiff did not file his claim or a notice of intent to sue within six months after the event giving rise to the claim and therefore failed to satisfy the notice requirements in § 6431(4) of the Court of Claims Act, MCL 600.6401 *et seq*. Defendants maintained that the shooting on November 30, 2021, was the event that gave rise to plaintiff's claim and that plaintiff did not file his notice until September 22, 2022. Furthermore,

---

[2] Although referred to as "John Doe" in the complaint, he was named in the Court of Claims opinion and has been widely recognized in Michigan due to his convictions related to the murders he committed against his fellow students at Oxford High School.

defendants argued that the date of injury and not the date of discovery defines claim accrual under Michigan law.

In response, plaintiff argued that the claim was timely filed under MCL 600.5852 because it was filed within 2 years of the February 25, 2022 issuance of letters of authority appointing plaintiff as personal representative of Hana's estate; § 6452(2) of the Court of Claims Act incorporates Chapter 58 of the Revised Judicature Act, MCL 600.5801 *et seq.*, regarding limitations periods; and there is no provision of the Court of Claims Act barring or limiting the application of MCL 600.5852(1). Plaintiff attached evidence that the original appointment of the first personal representative occurred on February 25, 2022, as well as his notice of intent to file a claim that he had filed in the Court of Claims on September 22, 2022.[3]

In a written opinion and order, the Court of Claims granted defendants' motion for summary disposition finding that plaintiff had failed to comply with the notice provision of MCL 600.6431, within six months of Hana's death. The court reasoned that under MCL 600.6431, plaintiff had six months from November 30, 2021 in which to file his notice of intent to sue in the Court of Claims. Because plaintiff undisputedly filed his notice more than six months after that date, the court ruled that dismissal was required.

The Court of Claims rejected plaintiff's argument that he satisfied the notice requirement by filing his claim within two years after the issuance of letters of authority appointing him personal representative of Hana's estate as permitted by MCL 600.5852(1). The court reasoned that the Legislature did not indicate that the letters of authority tolled the Court of Claims' notice provision. The court further ruled that there was no general discovery rule that would serve to extend the six-month notice period based on plaintiff's contention that he did not discover the role of the Michigan State Police relative to this claim until July 2022. Plaintiff now appeals those rulings.

## II. STANDARD OF REVIEW

This Court reviews a trial court's summary disposition ruling de novo. *Tice Estate v Tice*, 288 Mich App 665, 668; 795 NW2d 604 (2010). The Court of Claims cited MCR 2.116(C)(7), (8), and (10), but did not explicitly specify whether it relied on one of those subrules in particular.

Relevant to the issue presented in this case, the notice requirement in MCL 600.6431 is a condition imposed by the state government on the ability to sue the state and its instrumentalities, *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012), and summary disposition may be properly granted under MCR 2.116(C)(7) based on "immunity granted by law." MCR 2.116(C)(7). "[I]f a plaintiff fails to comply with MCL 600.6431, his or her claims against a governmental agency are barred by governmental immunity." *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 179; 931 NW2d 539 (2019).

---

[3] The date stamp indicating when the notice was filed in the Court of Claims is extremely difficult to read. It appears to indicate that the notice was filed on September 22, 2022, and the parties do not appear to dispute this fact.

When a motion is brought under MCR 2.116(C)(7), "the court must consider not only the pleadings, but also any affidavits, depositions, admissions or documentary evidence that is filed or submitted by the parties." *Bauserman*, 503 Mich at 179 (quotation marks and citation omitted). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. at 429.

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A court considering a motion under this subrule "must accept all factual allegations as true," decide the motion solely on the pleadings, and grant the motion only if "a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 160.

A motion under MCR 2.116(C)(10) may properly be granted if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). The court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion" to determine whether a genuine issue of material fact exists. *El-Khalil*, 504 Mich at 160.

Resolution of the issue on appeal also involves questions of statutory interpretation, which are reviewed de novo. *Progress Mich v Attorney General*, 506 Mich 74, 85-86; 954 NW2d 475 (2020). "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012) (quotation marks and citation omitted). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. at 534 (quotation marks and citation omitted).

## III. ANALYSIS

In his appeal, plaintiff asserts that his action is one for wrongful-death under MCL 600.2922, and he thus maintains that the "limitations period set forth in MCL 600.6431 is subject to the saving statute, MCL 600.5852." Accordingly, plaintiff asserts that the Court of Claims erred in dismissing his case based on the erroneous determination that section MCL 600.5852(1) was inapplicable. According to plaintiff, this conclusion led to the improper finding by the court that plaintiff failed to comply with the notice requirement found in MCL 600.6431. Plaintiff argues that the wrongful-death savings provision outlined in MCL 600.5852(1) is relevant and operative, thereby rendering his action timely filed in accordance with the requirements of MCL 600.6431. Plaintiff further argues that the court's "misinterpretation" raises significant concerns regarding the equitable assessment of the plaintiff's legal rights and the integrity of the judicial process.

Pertinent statutory provisions state: "[A]ll parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL

600.6431(1)." *Christie v Wayne State Univ*, 511 Mich 39, 64; 993 NW2d 203 (2023). In relevant part, MCL 600.6431 provides:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

> \* \* \*

> (4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims *within 6 months after the event that gives rise to the claim*. [Emphasis added.]

"MCL 600.6431(1) applies to *all* claims against the state . . . except as otherwise exempted in MCL 600.6431 itself." *Christie*, 511 Mich at 52 (emphasis added). "The *only* exception to the notice requirements expressed in MCL 600.6431 is . . . found in MCL 600.6431(5)." *Christie*, 511 Mich at 53 (emphasis added). Subsection (5) provides that "[t]his section does not apply to a claim for compensation under the wrongful imprisonment compensation act . . . ." MCL 600.6431(5).

With respect to the two different timing requirements for notice in subsections (1) and (4) of MCL 600.6431, our Supreme Court has explained that "[s]ubsection (1) sets forth the general notice required for a party to bring a lawsuit against the state," while what is now subsection (4) "merely reduces the otherwise applicable one-year deadline to six months." *McCahan*, 492 Mich at 739. Thus, subsection (4) constitutes "a subset of the general rules articulated in subsection (1), and those general rules and requirements articulated in subsection (1)—including the bar-to-claims language—continue to apply to *all* claims brought against the state unless modified by the later-stated specific rules." *Id*.

Here, it is undisputed that plaintiff's claim is predicated on a personal injury for purposes of MCL 600.6431(4) that occurred on November 30, 2021. It is also undisputed that plaintiff filed the notice of intent to file a claim on September 22, 2022, more than six months after the event giving rise to the claim. Plaintiff concedes on appeal that "absent saving, suspension, or tolling, his complaint would not be timely in accordance with the six-month limitation period" found in MCL 600.6431(4). Hence, without the application of a saving or tolling provision, dismissal of plaintiff's action would be warranted. *McCahan*, 492 Mich at 742, 752.

Under MCL 600.2922(1), "[w]henever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony." Furthermore, under MCL 600.5852(1), which is commonly referred to as the wrongful-death saving provision, "[i]f a person dies before

the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run."

A wrongful-death action, like the present action, must be brought by the personal representative:

> Turning first to MCL 600.2922(2), that provision provides that a wrongful-death action "shall be brought by, and in the name of, the personal representative of the estate of the deceased." This language is mandatory, precluding anyone but the personal representative from maintaining a wrongful-death action. . . . Through this language the Legislature clearly expressed its desire that "a person be acting in their representative capacity" in order to commence a wrongful-death action. . . . The court rules also provide that an action must be brought by the real party in interest, MCR 2.201(B), here, the estate's personal representative, MCL 600.2922(2). Therefore, only a personal representative may commence a wrongful-death action. [*Eversole v Nash*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366556); slip op at 4.]

There are "statutory timing requirements concerning when a personal representative may bring a wrongful-death action," and "[b]ecause an underlying claim survives by law and must be prosecuted under the wrongful-death act, . . . any statutory or common-law limitations on the underlying claim apply to a wrongful-death action." *Id.* (quotation marks and citation omitted; ellipsis in original). However, through the wrongful-death saving provision in MCL 600.5852, "the Legislature has afforded personal representatives additional time in which to pursue legal action on behalf of a decedent's estate." *Eversole*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). In relevant part, MCL 600.5852 provides:

> (1) If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

> * * *

> (4) Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run.

Regarding the wrongful-death saving provision, this Court has explained:

> MCL 600.5852 is not a statute of limitations; rather, it is a *saving* provision *designed to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions*. Section 5852 clearly provides that it is an exception to the limitation period, allowing the commencement of a wrongful-death action as many as three years after the applicable statute of

limitations has expired. In other words, under MCL 600.5852, a personal representative may file . . . suit on behalf of a deceased person for two years *after* letters of authority are issued, as long as that suit is commenced within three years after the . . . limitations period [for the underlying action] expired.

. . . Thus, a wrongful-death action is properly commenced pursuant to MCL 600.5852's saving period if the complaint was filed within two years of the issuance of the . . . personal representative's letters of authority and within three years after the period of limitations had expired. That is, MCL 600.5852 plainly provides that the two-year saving period is measured from the date the letters of authority are issued. [*Eversole*, ___ Mich App at ___; slip op at 5-6 (quotation marks and citations omitted; last ellipsis in original; second emphasis added).]

"The statute [MCL 600.5852] has the effect of extending the period of limitation" for the underlying claim "where a death occurs either before the period of limitation has run or within thirty days after the period has run." *Lindsey v Harper Hosp*, 455 Mich 56, 64-65; 564 NW2d 861 (1997), superseded by statute on other grounds as recognized in *Braverman v Garden City Hosp*, 480 Mich 1159, 1159 n 1; 746 NW2d 612 (2008). "As an exception to the statute of limitations, the saving provision should be strictly construed." *Lindsey*, 455 Mich at 65. It bears repeating that the intended purpose of the saving provision in MCL 600.5852 is "to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions." *Id*. at 66. Thus, our Supreme Court has explained that MCL 600.5852, as a "*saving provision*" and "*exception* to the statute of limitations," operates "to suspend the running of the statute until a personal representative is appointed to represent the interests of the estate." *Waltz v Wyse*, 469 Mich 642, 650; 677 NW2d 813 (2004) (quotation marks and citation omitted).

The central question in this case is whether the wrongful-death saving provision impacts the time constraints associated with the notice requirements in MCL 600.6431 for claims against the state and its agencies.

At the outset, we note that this Court has previously made a direct comparison between the notice requirement outlined in MCL 600.6431 and statutes of limitations. In *Rusha v Dep't of Corrections*, 307 Mich App 300, 310-311; 859 NW2d 735 (2014), this Court articulated that the statutory notice provision within MCL 600.6431 serves a function analogous to that of statutes of limitations, "like a statute of limitations, . . . a procedural rather than substantive rule." The Court in *Rusha* further explained that this "statutory notice requirement does not abrogate a substantive right, but rather provides the framework within which a claimant may assert that right" and that "[n]otice provisions like this one generally give the state time to investigate and to appropriate funds for settlement purposes while simultaneously allowing the claimant to retain *the full benefit of the applicable limitations period*." *Id*. at 310 (quotation marks and citation omitted; emphasis added).

Our decision in *Rusha* acknowledged the technical distinction between statutory notice requirements and statutory limitations periods yet emphasized their analogous roles in limiting a plaintiff's remedy without impinging on the substantive right. This Court noted, "Indeed, although statutory notice requirements and statutes of limitations do not serve identical objectives, both are *procedural* requirements that ultimately restrict a plaintiff's remedy, but not the substantive right."

*Rusha*, 307 Mich App at 311-312. "A 'statute of limitations' defines a temporal boundary for initiating civil claims, specifically establishing a deadline from the date of claim accrual." *Frank v Linkner*, 500 Mich 133, 142; 894 NW2d 574 [2017], quoting *Black's Law Dictionary* [10th ed]).

Statutory notice periods function as mechanisms that effectively truncate the time frames delineated in statutes of limitation. *Rusha*, 307 Mich App at 312. If the provisions in MCL 600.5852 did not influence the notice requirements detailed in MCL 600.6431, it would undermine the wrongful-death saving provision's intended purpose: "*to preserve actions that survive death so that the representative of the estate may have a reasonable time to pursue such actions*." *Lindsey*, 455 Mich at 66. Additionally, an examination of the relevant statutory frameworks illustrates that the Legislature intended for the general applicability of MCL 600.5852 to retain its full effect on wrongful-death actions against state entities, notwithstanding the implications of MCL 600.6431.

MCL 600.6422 provides:

(1) Practice and procedure in the court of claims shall be in accordance with the statutes and court rules prescribing the practice in the circuit courts of this state, except as otherwise provided in this section.

(2) The supreme court may adopt special rules for the court of claims.

(3) All fees in the court of claims shall be at the rate established by statute or court rule for actions in the circuit courts of this state and shall be paid to the clerk of the court of claims.

As noted earlier, the notification requirement outlined in MCL 600.6431 serves as a procedural mandate. "The Revised Judicature Act (RJA), MCL 600.101 et seq., governs practice and procedure in the Court of Claims because the [Court of Claims Act (COCA)] is contained within the RJA." *Progress Mich*, 506 Mich at 94. Moreover, "it is notable that the COCA is a chapter of the Revised Judicature Act (RJA), MCL 600.101 *et seq*., which broadly applies, in at least some manner, to all claims and demands against the state." *Christie*, 511 Mich at 62. The wrongful-death saving provision is contained within Chapter 58 of the RJA, and MCL 600.6431 does not contain any language excluding the application of any provision within Chapter 58 of the RJA.

To address any potential conflict between the provisions of MCL 600.6431 and MCL 600.5852, this Court's reasoning in *Mays v Snyder*, 323 Mich App 1; 916 NW2d 227 (2018), which was upheld under *Mays v Governor of Mich*, 506 Mich 157; 954 NW2d 139 (2020), is instructive.[4] In *Mays*, the Court dealt with the analogous interplay between MCL 600.6431 and the fraudulent-

---

[4]In affirming this Court in *Mays*, our Supreme Court's lead opinion declined to address the issue whether the fraudulent-concealment exception in MCL 600.5855 applies to the notice provision in MCL 600.6431. *Mays*, 506 Mich at 186 n 11 (lead opinion by BERNSTEIN, J.). In a concurring opinion, only Justice Bernstein seemed to agree with this Court's analysis on that issue. *Id*. at 207-210 (BERNSTEIN, J., concurring).

concealment exception to statutes of limitations created by MCL 600.5855, which is also located within Chapter 58 of the RJA.

As this Court explained, MCL 600.5855 "permits the tolling of a statutory limitations period for two years if the defendant has fraudulently concealed the existence of a claim." *Mays*, 323 Mich App at 39. Furthermore, this Court observed the same difficulty of interpretation in that context that is present in this case with MCL 600.5852, namely that the "Legislature, in crafting the [COCA], imported the fraudulent-concealment exception into its statute-of-limitations provision[ in MCL 600.6452(2)]" but "did not explicitly import the exception into the statutory notice provision [in § 6431] of the [COCA]." *Mays*, 323 Mich App at 39. Section 6431 also does not explicitly import the wrongful-death saving provision, nor does it exclude operation of the saving provision. MCL 600.6431. With respect to the fraudulent-concealment exception, this Court resolved the issue, reasoning:

It is a basic tenet of statutory construction that the omission of a statutory provision should be construed as intentional. "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." However, in this case, the Legislature did not "omit" from the COCA any language from the statute-of-limitations provisions of the RJA. Rather, the Legislature specifically included language mandating application of the RJA's statute-of-limitations provisions—and exceptions—to the statute-of-limitations provisions of the CCA. See MCL 600.6452(2).

The RJA contains no statutory notice period, and neither the Legislature nor our courts have ever had the occasion to consider whether the fraudulent-concealment exception might apply to such a provision. The Legislature's failure to specifically address the application of the fraudulent-concealment exception to the CCA's statutory notice period therefore cannot be presumed intentional under the above-mentioned rules of statutory construction. While "the Legislature is presumed to be aware of, and thus to have considered the effect [of a statutory enactment] on, all existing statutes," it makes no sense to presume knowledge of a potential future conflict without a context in which such knowledge would arise. Indeed, it would make as much sense to presume that the Legislature did not consider the issue of whether the fraudulent-concealment exception would apply to the statutory notice provision of the CCA because, had it done so, it would have made its determination explicit. The Legislature's omission here does not provide dispositive evidence of intent, and we therefore must proceed according to the well-established rules of statutory interpretation and construction.

"The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." "This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute." In such cases, "judicial construction is neither required nor permitted." "However, if reasonable minds can differ concerning the meaning of a statute, judicial construction of the statute is appropriate."

In our analysis, we determine that interpretations of MCL 600.5855 can vary significantly, particularly in relation to its application within claims arising under the CCA. It is important to highlight that MCL 600.5855, which falls under Chapter 58 of the RJA, constitutes a component of the legislative framework governing statutory limitation periods. However, the statutory text does not explicitly state or imply that its exception is limited to merely tolling the limitation period. On the contrary, the clear language of the statute indicates that an action subjected to fraudulent concealment . . . "may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . . ." MCL 600.5855. The statute's direction that such an action may proceed notwithstanding that "the action would otherwise be barred by the period of limitations" does not specifically limit the exception's application to those claims barred by the expiration of the limitations period. Analyzing the explicit wording of MCL 600.5855, it is evident that reasonable interpretations may diverge on whether the provision, as it has been incorporated into the CCA, explicitly confers upon a claimant—whose claim has been fraudulently concealed—the affirmative right to initiate legal action within two years of discovery, irrespective of any prior noncompliance with statutory prerequisites. Alternatively, one might argue that this exception serves solely to toll the statutory limitations period.

The application of MCL 600.5855 in cases involving claims under the CCA raises significant interpretative challenges. While MCL 600.5855 expressly allows for the initiation of an action within two years following a claimant's discovery, or reasonable discovery, of a fraudulently concealed claim, this is complicated by the statutory notice provisions of MCL 600.6431. These provisions mandate that no action may be commenced without filing a notice within either six months or one year from the date the claim accrues.

It is crucial to note that in this jurisdiction, the discovery doctrine has been abrogated; thus, a claim accrues upon the occurrence of harm, independent of when the claimant becomes aware of that harm. Should MCL 600.6431 be interpreted strictly, as the precedent set in *McCahan*, 492 Mich at 746-747 dictates, a fundamental conflict emerges with the Legislature's intent to afford claimants a full two-year timeframe post-discovery for pursuing recourse against a liable party who has concealed the harm. This discrepancy necessitates a thorough examination of how these statutes can coalesce within the confines of established legislative purpose.

"[S]tatutory provisions are not to be read in isolation; rather, context matters, and thus statutory provisions are to be read as a whole." The Legislature clearly intended to incorporate the statutory limitations periods and exceptions, including the fraudulent-concealment exception of MCL 600.5855, into the CCA. See MCL 600.6452(2). If the fraudulent-concealment exception does not equally apply to both the statutory limitation period and the statutory notice period under the CCA, then, contrary to our rules of stuatory consitrcution, its applicability is effectively negated. See *Apsey v Mem Hosp*, 477 Mich 120, 131; 730 NW2d 695

-10-

(2007) ("A statute is rendered nugatory when an interpretation fails to give it meaning or effect."). "[C]ourts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." Further, when there is "tension, or even conflict, between sections of a statute," this Court has a "duty to, if reasonably possible, construe them both so as to give meaning to each; that is, to harmonize them." *Nowell v Titan Ins Co*, 466 Mich 478, 483; 648 NW2d 157 (2002). In this instance, the interpretation of MCL 600.5855, as integrated into the CCA, alongside MCL 600.6431, leads to the conclusion that the fraudulent-concealment exception, when applicable, effectively tolls both the statutory notice period and the statute of limitations period.

> . . . In keeping with the principles of statutory construction and the Legislature's clear intent to permit the application of the fraudulent-concealment exception to claims brought under the CCA, we hold that the fraudulent-concealment exception applies at least to toll the statutory notice period commensurate with the tolling of the statute of limitations in situations in which its requirements have been met. [*Mays*, 323 Mich App at 40-44 (some citations omitted; alterations and first ellipsis in original).]

Applying the legal principles established by this Court in *Mays* to the current matter, the underlying rationale is applicable to the wrongful-death savings provision articulated in MCL 600.5852. This provision is intended to safeguard plaintiffs' rights in wrongful-death actions, particularly when confronting statutory deadlines. Further, in accordance with the recognized methods of statutory interpretation set forth in *Mays*, and in light of the Legislature's clear intent to implement the wrongful-death savings provision in conjunction with the COCA, we conclude that this provision not only extends the filing timeframe but also tolls the statutory notice period albeit any tolling is contingent upon meeting the specific conditions specified within the provision.

Consequently, we reverse the Court of Claim's ruling that granted summary disposition in favor of the defendants. We remand this case to the Court of Claims, instructing that further proceedings take place consistent with the conclusions outlined in this opinion.

Reversed and remanded. We do not retain jurisdiction. No costs are awarded to either party, a public question being involved. MCR 7.219(A). *City of Bay City v Bay Co Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica